UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| M. A, and J. A., individually, parent, and next friend of M. A. | : | DOCKET NO: 10-CV-1890 (JBA) |
| v. | : | |
| CITY OF TORRINGTON, in its official capacity TORRINGTON BOARD OF EDUCATION, in its official capacity | : | DECEMBER 3, 2010 |

## MEMORANDUM IN SUPPORT OF MOTION TO ASSIGN CASE TO HON. MARK R. KRAVITZ

Pursuant to Federal Rule of Civil Procedure 7 and Local Rules of Civil Procedure 7 and 40, the plaintiffs respectfully request this court to assign this case to Hon. Mark R. Kravitz, for the sake of judicial economy, to retain continuity, and to promote fairness and equity to the parties.

Pursuant to Local Rule 40(b)(1),

"All cases will be assigned to a single Judge from filing to termination. In the event that it is subsequently determined that there is pending in this District a related case, or, if one is later filed, such case should normally be assigned to the Judge having the earliest filed case. A case may be reassigned at the discretion of the Chief Judge ."

In this case, the plaintiffs sought a due process hearing regarding their claims in 2009, however, the hearing officer granted the defendants' motion to dismiss (Case number 07-467, May 27, 2009) and the plaintiffs never had an opportunity for a due process hearing. They appealed that decision to this court, whereupon, the case was docketed as 3:08CV857 (MRK) and assigned to Hon. Mark R. Kravitz. Following motions, briefs, and pretrial conferences, Judge Kravitz denied the defendants' Motion to Dismiss and remanded the case to the hearing officer so that the plaintiffs could obtain the administrative due process hearing on their original claims. The hearing took place, (newly docketed on remand as Case number 09-0552), the

1

hearing officer issued her ruling on November 15, 2010, and the plaintiffs now appeal that decision under the above captioned docketed designation.

While it is understood that the court's policy is to randomly assign cases as one means of assuring public confidence in the judiciary, it is also understood that there are meaningful exceptions to the policy of random assignments.  One long-standing exception of the federal courts in this regard is where the interests of judicial economy and swift administration of justice call for the assignment of the same judge when cases are related.  See e.g., <u>Obert v. Republic Western Ins. Co</u>., 190 F.Supp.2d 279 (D.R.I. 2002).

When cases are related, involve the same parties, and the same issues, and one judge already is familiar with the claims, it is rational and appropriate to assign those cases to the same judge rather than to adhere to a policy of random selection.  Because Judge Kravitz already is familiar with the claims, because prior to remanding the case Judge Kravitz indicated if appealed the case likely would return to his docket, because it poses no prejudice to any of the parties, because it promotes judicial economy, and because it appears to be consistent with Local Rule 40, the plaintiffs respectfully request the case to be assigned to Judge Kravitz.