UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| M.A. et al.,<br>    *Plaintiffs,*<br><br>    *v.*<br><br>City of Torrington et al.,<br>    *Defendants.* | Civil No. 3:10cv1890 (JBA)<br><br><br><br>September 10, 2012 |

Ruling on Plaintiffs' Objections to Recommended Ruling

Magistrate Judge Margolis issued a Recommended Ruling [Doc. # 35] ("Rec. Ruling") on Defendants' Motion to Dismiss, dismissing all counts against the City of Torrington, and dismissing any claims against the Torrington Board of Education pursuant to 42 U.S.C. § 1983, Conn. Gen. Stat. §§ 10-4a, 10-15, 15-157, 10-184, 10-207, 10-220, 10-231e, and 10-291, and the Connecticut Constitution. Plaintiffs filed a timely objection [Doc. # 36] to the Ruling, arguing that the Magistrate Judge erred in holding that the City did not owe the Plaintiff a duty and that their claims under 42 U.S.C. § 1983, the Connecticut Constitution, and Connecticut statutory law should not have been dismissed. For the reasons that follow, Plaintiffs' objections are overruled, and as a result the Recommended Ruling is adopted.

I.    Factual and Procedural Background

The facts leading up to this lawsuit are presented in detail at pages 3–10 of Magistrate Judge Margolis's Ruling and are incorporated by reference here. Briefly, Plaintiffs' suit is an administrative appeal of a due process hearing officer's decision dismissing Plaintiff's request for a declaration that Defendants improperly failed to identify M.A. as a child requiring special education and related services under "Other Health Impairment" ("OHI") for the school years of 2006–07, 2007–08, 2008–09, and 2009–10. Plaintiffs' Complaint set forth six

separate counts:

> Count One: The Defendants' denial of an opportunity for the parents to have IEP meetings and a determination as to the eligibility of the child for special education was in violation of the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*
> Count Two: The Defendants' denial of an evaluation of the child as eligible for special education was in violation of the IDEA.
> Count Three: The Defendants' denial of an opportunity for the parents to have a due process hearing was in violation of the IDEA.
> Count Four: The hearing officer erred in finding the child was not eligible for special education under Other Health Impairment in violation of the IDEA.
> Count Five: The hearing officer erred in allowing the Defendants to conduct an IEP meeting and evaluation of the child in 2010 during the due process hearing and basing her decision regarding all claims on that IEP and evaluation, in violation of the IDEA and under statutory and Constitutional due process provisions.
> Count Six: The Defendants and the hearing officer violated the child's rights pursuant to the Connecticut Constitution.

The Recommended Ruling noted that the Defendant City of Torrington was not a party to the administrative hearing that formed the basis of this lawsuit (Rec. Ruling at 12), and that Plaintiff had failed to state a claim for respondeat superior liability under 42 U.S.C. § 1983, and dismissed the City from the case (*id.* at 13–14). As to the Connecticut constitutional claims, the Ruling concluded that "plaintiffs have statutory remedies available to them under the IDEA," and that under controlling state law precedent, there was no constitutional cause of action against either party. (*Id.* at 16.) Plaintiffs' state law claims relating to the conditions in the school system and the City's failure to remediate the schools were held not to be "issues upon which the due process hearing decision [was] based," and were dismissed as insufficiently linked to the Plaintiffs' federal claims for an exercise of

supplemental jurisdiction. (*Id.* at 18.) The Ruling also held that even if supplemental jurisdiction were proper, the statutory claims failed under Rule 12(b)(6). (*Id.* at 19.)[1]

II.   Discussion[2]

Plaintiffs objects to the Recommended Ruling on three grounds: first, that the Complaint sufficiently stated a claim against Defendant City of Torrington, both because the City owed Plaintiffs a duty, and also because the City is liable under a theory of respondeat superior; second, that they adequately stated a claim for relief under the Connecticut Constitution; and third, that the dismissal of their statutory claims was improper. Each objection will be addressed in turn.

    A.   Claims Against Defendant City of Torrington

Plaintiffs contend that their Complaint contained sufficient factual matter to state a plausible claim for relief that the City of Torrington owed a duty to the Plaintiffs. The Complaint alleges violations of the IDEA on the part of the City of Torrington and the Board

---

[1] The Ruling also addressed Plaintiffs' Motion for Reconsideration [Doc. # 32], asking that the Court enter a default judgment against Defendants because they failed to timely file a motion to dismiss. (*See* Doc. # 27 at 1–2.) The docket reflects that Defendants filed a motion to dismiss (*see* Motion to Dismiss [Doc. # 26]) on March 16, 2011 within the scheduling deadlines (*see* Order [Doc. # 23] Granting Defendants' Motion [Doc. # 21] for Extension of Time and Denying Plaintiffs' Motion [Doc. # 20] for Default), and thus, Plaintiffs' motion for judgment of default was appropriately denied. The Recommended Ruling granted the Plaintiffs' motion for reconsideration to consider their arguments, but after reconsideration, left the order of denial undisturbed. As the docket clearly reflects that Defendants properly filed a motion to dismiss within the Court's scheduling deadlines, Plaintiffs' objection is overruled on this ground.

[2] Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72.2(b), the portions of the Magistrate Judge's decision objected to by Plaintiff are reviewed de novo, and any part or the entirety of the Recommended Ruling may be adopted, rejected, or modified.

of Education of Torrington, on the basis of a denial of IEP meetings, denial of IDEA eligibility, denial of the opportunity for a due process hearing under the IDEA, erroneous eligibility determinations on the part of the hearing officer, improper conduct on the part of the hearing officer in conducting an IEP meeting and evaluation during the due process hearing, and violations of the Connecticut constitution flowing from the actions of the hearing officer and the Board. The Complaint makes no separate allegations of any City action resulting in the denial of a Free Appropriate Public Education ("FAPE") under the IDEA.

The Recommended Ruling held that the Board of Education of Torrington "is the party required under the IDEA to be involved in the hearing which is appealed in the present action," and that the "City of Torrington was not a party to the administrative hearing." (Ruling at 12.) In Plaintiff's objection to the Recommended Ruling, Plaintiff argues that under *Sheff v. O'Neill*, 238 Conn. 1, 25 (Conn. 1996), the "state has an affirmative constitutional obligation to provide all public school children with a substantially equal educational opportunity," and that the Recommended Ruling overlooked controlling case law.

While *Sheff* and its progeny may impress on the state a duty to provide certain "essential components," such as "minimally adequate physical facilities and classrooms which provide enough light, space, heat, and air to permit children to learn," *Connecticut Coalition for Justice in Educ. Funding, Inc. v. Rell*, 295 Conn. 240, 309 (Conn. 2010), that holding does not impact the specific allegations of this Complaint—that is, the allegedly improper denial of a FAPE to Plaintiff— which are limited to the actions of the Board of Education, and therefore, the City was not an appropriate party to the action. The City owed

no duty under the IDEA, whatever may have been its other duties not claimed here.[3] Thus, Plaintiff's first objection is overruled.

    B.    Claims Under § 1983

Next, Plaintiffs contend that the Recommended Ruling erred in dismissing their claims against the City under § 1983. They also state that they "filed no count regarding relief pursuant to 42 U.S.C. § 1983" (Pl.'s Obj. at 8), which is confirmed by their Complaint, which contains no reference to § 1983. In Defendants' motion to dismiss [Doc. # 25–1], Defendants argued that Plaintiffs had alleged violations of the Equal Protection and Due Process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, but that Plaintiffs had failed to allege any unconstitutional policy or custom, as is required under *Monell v. Dep't of Soc. Svcs*, 436 U.S. 658 (1978) and its progeny. Indeed, the Complaint contains no allegations of unconstitutional policies or customs, and further, the Complaint makes no claims under § 1983.

Plaintiffs challenge dismissal of a claim that they say they did not make, and thus, their Objection to the Recommended Ruling is moot.

    C.    Connecticut Constitutional Claims

Plaintiffs object to the Recommended Ruling's dismissal of the Connecticut Constitutional claims under Counts Five and Six of their Complaint, arguing that "there is

---

[3] Specifically, the Complaint states "the *Board* failed to maintain the Torrington Middle School in that it sustained . . . water damages from leaks in the roof, mold and bacteria growth, high levels of moisture in the indoor air, and poor circulation of air" (Compl. ¶ 33), and "also, the Torrington High School was not properly maintained such that it sustained problems such as asbestos, leaks in the roofs and windows, minimal ventilation rates, and broken air handles" (*id.* ¶ 34) (emphasis added). In enumerating the deficiencies of the particular buildings, there are no attributions of conduct to the City.

no binding precedent precluding a cause of action based on a state Constitutional violation if a plaintiff has a meaningful alternative remedy to the Constitutional violation." (Pl.'s Obj. at 14.)

Counts Five and Six allege constitutional violations based on the hearing officer's "improper[ ] grant[ ] [of] the defendants' request to conduct an IEP meeting and evaluation of the child during the due process hearing, over the parents' objections" (Compl. ¶ 133), and that the hearing officer "failed to consider and/or appropriately apply Article first, § 20 of the Connecticut Constitution" (*id.* ¶ 139).[4]

In their motion to dismiss, Defendants argued that Plaintiffs cited no authority permitting a private cause of action for money damages against a municipal entity, particularly in light of the Connecticut Supreme Court's general reluctance to recognize private causes of action under the Connecticut constitution. (Def.'s Rep. [Doc. # 29] at 5.) In *Kelley Property Development v. Town of Lebanon*, 226 Conn. 314, 334–35 (Conn. 1993), the Connecticut Supreme Court addressed the petitioner's argument that the court should infer the existence of a cause of action for damages from the existence of the state constitution's due process provision "for the reasons of policy articulated in *Bivens*." 226 Conn. at 334. Considering the *Bivens* line of cases before the United States Supreme Court and the "several sister jurisdictions that have addressed the issue," the Connecticut Supreme Court noted that "the focus has been on the presence or absence of an existing alternative remedy, either by way of statute or under the common law, to provide some measure of

---

[4] Article First § 20 of the Connecticut Constitution provides: "No person shall be denied the equal protection of the law nor be subjected to segregation or discrimination in the exercise or enjoyment of his civil or political rights because of religion, race, color, ancestry or national origin."

relief for the injured party," *id.* at 338, and concluded that "as a general matter, we should not construe our state constitution to provide a basis for the recognition of a private damages action for injuries for which the legislature has provided a reasonably adequate statutory remedy." *Id.* Thereafter, in *Binette v. Sabo*, 244 Conn. 23 (Conn. 1998), the Connecticut Supreme Court recognized a private right of action for damages—under Article First §§ 7 and 9 of the Connecticut Constitution,[5] under factual circumstances similar to those in *Bivens*, i.e., warrantless entry into petitioner's home—because the legislature had not "crafted a meaningful alternative remedy for the constitutional violation" at issue. *Id.* at 43.

The Recommended Ruling concluded that "in this case, unlike in *Bivens* and *Binette*, plaintiffs have statutory remedies available to them under the IDEA." (Ruling at 16.) Though Plaintiffs claim that a state *Bivens* analysis was erroneously applied to their constitutional claims, they proposed no alternative for these circumstances. *Sheff* and *Connecticut Coalition for Justice in Educ. Funding, Inc.* are not directly applicable because neither case addressed the issue of a private right of action for money damages for public school students and parents.

Notwithstanding that the Connecticut Supreme Court has considered the "presence or absence of an existing alternative remedy" as part of its analysis and that Plaintiffs have statutory remedies available to them, the Court declines to exercise supplemental

---

[5] Article First, § 7 of the Connecticut Constitution provides: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches or seizures; and no warrant to search any place, or to seize any person or things, shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation." Article First, § 9 of the Connecticut Constitution provides: "No person shall be arrested, detained or punished, except in cases clearly warranted by law."

jurisdiction over Plaintiffs' constitutional claims, leaving any such recognition of new state constitutional torts to Connecticut courts, based on the case–by–case approach of *Binette* and on considerations of federal–state comity. *See, e.g.*, *Lopez v. Smiley*, 375 F. Supp. 2d 19, 26 (D. Conn. 2005) ("Mr. Lopez's state constitutional claims are clearly novel, they are complex, and they are not well developed under Connecticut law. In light of the Connecticut Supreme Court's explicit statement in *Binette* that the Supreme Court did not intend to create a cause of action for money damages for every alleged violation of the Connecticut state constitution, . . . and the fact that federalism and comity concerns strongly suggest that recognition of new state constitutional torts should be determined on a case–by–case basis by *Connecticut courts* in the first instance, this Court will refrain from exercising supplemental jurisdiction over all of Mr. Lopez's Connecticut constitutional claims (both those seeking monetary damages and those seeking injunctive or declaratory relief).") (emphasis in original).

        D.      Claims Under Connecticut General Statutes

Plaintiffs allege violations of Conn. Gen. Stat. §§ 10-4a, 10-15, 10-157, 10-184, 10-207, 10-220, 10-220, 10-231e, and 10-291 (Compl. ¶¶ 6, 9, 136, 140–41), and contend that the Recommended Ruling erroneously dismissed the state law statutory claims. In the Recommended Ruling, Magistrate Judge Margolis held that because Plaintiffs never responded to Defendants' motion for dismissal of the statutory claims on the grounds that these statutes do not create a private cause of action, the statutory claims were deemed abandoned. (Ruling at 17.) The Recommended Ruling also addressed each statutory claim on its merits, and concluded that "plaintiffs' claims relating to the conditions in the school system and the defendant City's failure to remediate the schools are not issues upon which

8

the due process hearing is based" (*id.* at 18), and that the Complaint failed to set forth allegations that would state a claim for relief under the statutory provisions, given the general rule that municipal entities are "generally immune from liability for tortious acts at common law" (*id.* at 19 (citing *Williams v. New Haven*, 243 Conn. 762, 766–67 (Conn. 1998)).

As with their § 1983 claim, Plaintiffs' objection states that they "did not seek a separate cause of action pursuant to the Connecticut General Statutes cited." Accordingly, their objections are denied as moot.

III.   Conclusion

For the reasons discussed above, Defendants' motion [Doc. # 26] to dismiss is GRANTED, Plaintiffs' motion [Doc. # 32] for reconsideration is GRANTED, to the extent that Plaintiffs' arguments were considered, and the Recommended Ruling [Doc. # 35] is adopted with the modification that the Court declines to exercise supplemental jurisdiction over Plaintiffs' state constitutional claims.

Accordingly, Defendant City of Torrington will be dismissed, Counts Five and Six are dismissed, and the case will proceed only as an administrative appeal challenging the determinations of the hearing officer and the Defendant Board of Education under the IDEA.

IT IS SO ORDERED.

                                                /s/
                                          Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 10th day of September, 2012.